**E-FILED on**   7/7/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re TVIA INC. SECURITIES LITIGATION <hr> This Documents Relates To: <br> All Actions | No. C-06-06304 RMW <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR AWARD TO LEAD PLAINTIFF <br><br> **[Re Docket No. 57]** |

    On January 18, 2008, the court heard and granted plaintiff's motion for final approval of the settlement and the parties plan of allocation of the settlement proceeds. At that time, the court indicated that it would tentatively approve the request of lead counsel, for attorney's fees in the amount of $650,000.00, which is less than the $775,000.00 originally requested. Lead plaintiff Mitch Metzman seeks reimbursement under 15 U.S.C. § 78u-4(a)(4) for his participation in the amount of $15,000.

    At the outset of litigation under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), a lead plaintiff is required to certify that he "will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4)." 15 U.S.C. § 78u-4(a)(2)(A)(vi). The referenced section provides for recovery by plaintiffs as follows:

> The share of any final judgment or of any settlement that is awarded to a representative party serving on behalf of a class shall be equal, on a per share basis, to

> the portion of the final judgment or settlement awarded to all other members of the class. Nothing in this paragraph shall be construed to limit the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class.

15 U.S.C. § 78u-4(a)(4). As set forth in the Committee Report on the Private Securities Litigation Act of 1995, Congress enacted this provision of the PSLRA to "remove the financial incentive for becoming a lead plaintiff." H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734. 15 U.S.C. § 78u-4(a)(4) "limits the class representative's recovery to his or her pro rata share of the settlement or final judgment" which is to be "calculated in the same manner as the shares of the other class members." *Id.* The Conference Committee recognized, however, "that lead plaintiffs should be reimbursed for reasonable costs and expenses associated with service as lead plaintiff, including lost wages" and granted courts "discretion to award fees accordingly." *Id.*

Thus, the court must determine whether what lead plaintiff seeks are "reasonable costs and expenses (including lost wages) directly relating to the representation of the class" as permitted under the PSLRA or is instead some other incentive award. *Cf. In re Heritage Bond Litig.*, 2005 WL 1594403 at *14 (S.D. Cal. 2005) ("[The] Court is mindful as to distinguish between 'reasonable costs and expenses,' and what appears to be a 'compensation' or 'incentive' award.").

Metzman's declaration in support of his request contends that this amount represents "at least 50 hours of may own time to assist in the prosecution of this action" at an hourly rate of $300. Decl. Mitch Metzman ("Metzman Decl.") ¶ 11. His declaration lists numerous activities in which he engaged "in furtherance of the case for the Class." *Id.* ¶ 12. Metzman's declaration states: "I respectfully request that the Court grant my application for an award of $15,000 representing the value of my personal time and effort or 'lost wages' that I have dedicated to prosecuting this action on behalf of the Class and for which I would have otherwise devoted to my own business endeavors and received compensation in a greater amount." *Id.* ¶ 16.

Numerous courts reviewing lead plaintiff fee requests under the PSLRA have concluded that in order to recover under § 78u-4(a)(4), the lead plaintiff must provide meaningful evidence demonstrating that the requested amounts represent actual costs and expenses incurred directly as a result of the litigation. *See, e.g., In re AMF Bowling Sec. Litig.*, 334 F. Supp. 2d 462, 470 (S.D.N.Y. 2004) ("Nothing presented to me places the time devoted to this case by the two class

1  representatives into the category of a recoverable expense.  Neither claims any out-of-pocket
2  expense.  There is no assertion that either lost time at work or gave up employer-granted vacation
3  time."); *Abrams v. Van Kampen Funds, Inc.*, 2006 WL 163023 at *4 (N.D. Ill. 2006) ("Lead
4  plaintiffs do not contend that any portion of the requested amount represents any actual expenses
5  that either has incurred. They do not claim that they missed any work or other earning opportunity in
6  order to participate in the litigation. Under the PSLRA, lead plaintiffs cannot be awarded additional
7  compensation."); *In re KeySpan Corp. Sec. Litig.*, 2005 WL 3093399 at * 21 (E.D.N.Y. 2005)
8  ("Counsel have not shown how the time expended by the Class Representative and Lead Plaintiffs
9  resulted in actual losses, whether in the form of diminishment in wages, lost sales commissions,
10 missed business opportunities, use of leave or vacation time or actual expenses incurred."); *see also*
11 S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 689 ("Recognizing that service
12 as the lead plaintiff may require court appearances or other duties involving time away from work,
13 the Committee grants courts discretion to award the lead plaintiff reimbursement for 'reasonable
14 costs and expenses' (including lost wages) directly relating to representation of the class.").  Further,
15 this court has itself previously found that in light of the text of § 78u-4(a)(4), and the clear intention
16 to eliminate financial incentives, bonuses and bounties for serving as lead plaintiff, incentive awards
17 and compensatory awards falling outside the costs and expenses specified by the PSLRA are
18 inconsistent with the express goals of § 78u-4(a)(4).  *In re ESS Technology, Inc. Securities*
19 *Litigation*,  2007 WL 3231729 at *4 (N.D. Cal. 2007) (Whyte, J.).

20      Here, the court finds no evidence in the conclusory statements provided in Metzman's
21 declaration that the compensation he seeks is reimbursement for costs, expenses or lost wages,
22 reasonable or otherwise, as required by the text of § 78u-4(a)(4).  Accordingly, the court declines to
23 award lead plaintiff the $15,000 compensation he requests.

26 DATED:     6/25/08

    *[signature: Ronald M. Whyte]*
27                             RONALD M. WHYTE
                                United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Laurence M. Rosen    lrosen@rosenlegal.com
Lionel Z. Glancy    info@glancylaw.com
Phillip P Kim    pkim@rosenlegal.com

**Counsel for Defendants:**
Solomon B. Cera    scera@gbcslaw.com
Bruce A. Ericson    bruce.ericson@pillsburylaw.com
Gwendolyn R. Giblin    ggiblin@gbcslaw.com
Andrew Dale Lanphere    alanphere@pillsburywinthrop.com
Walter Jesse Robinson , III    wrobinson@pillsburylaw.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**    7/7/08        /s/ MAG
**Chambers of Judge Whyte**