*E-FILED - 10/15/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re TVIA INC. SECURITIES LITIGATION | No. 06-CV-06304-RMW |
| | CLASS ACTION |
| This Document Relates To: | [] CLASS SETTLEMENT DISTRIBUTION ORDER |
| ALL ACTIONS. | Hon. Ronald M. Whyte |

WHEREAS, on February 6, 2008, this Court entered a Final Judgment and Order approving the terms of the Amended Stipulation and [Proposed] Order Preliminarily Approving Settlement and Providing for Notice dated October 12, 2007 (the "Stipulation") in the above-referenced class action; and

WHEREAS, this Court has directed the parties to consummate the terms of the Stipulation; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the

administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

NOW, THEREFORE, upon reading and filing the affidavit of Paul Mulholland CPA, CVA of Strategic Claims Services, the Claims Administrator, the declaration of Phillip Kim, Plaintiffs' Lead Counsel, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

ORDERED, that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of Paul Mulholland, including claims submitted and approved until June 24, 2008, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the Affidavit of Paul Mulholland be and the same hereby are rejected; and it is further

ORDERED, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of Paul Mulholland in proportion to the Recognized Claim allocable to each such claimant as shown on such printout; and it is further

ORDERED, that Strategic Claims Services be paid from the Settlement Fund the balance of its fees owed of $61,454.43, bringing the total amount paid to Strategic Claims Services to $96,454.43 for its fees and reimbursement of its expenses incurred and to be incurred in

connection with the administration, taxation, and distribution of the Net Settlement Fund; and it is further

ORDERED, that the checks for distribution to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE."  Plaintiffs' Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its check within said time; and it is further

ORDERED, that the costs of such services to locate and reissue checks to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

ORDERED, that, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Class Plaintiffs' Lead Counsel; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Amended Stipulation and the Plan of Allocation approved by this Court and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims

submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to lead plaintiffs' counsel and Strategic Claims Services) are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that the Claims Administrator is hereby authorized to discard paper or hand copies of the Proof of Claim forms and supporting documents not less than one year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

ORDERED, that no claim submitted after June 24, 2008 may be accepted for any reason whatsoever.

IT IS SO ORDERED, this __10__ day of __October__ 2008.

*Ronald M. Whyte*
HONORABLE RONALD M. WHYTE
UNITED STATES DISTRICT JUDGE

[] CLASS SETTLEMENT DISTRIBUTION ORDER                                4